IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC JUAN FORD, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )   Case No. CIV-20-285-R |
| | ) |
| SANDI CRUZ, | ) |
| | ) |
|     **Defendant.** | ) |

## REPORT AND RECCOMENDATION

Plaintiff, a *pro se* state prisoner, filed this action pursuant to 42 U.S.C. § 1983 on March 31, 2020. (Doc. 1). Plaintiff paid the required $400 civil case filing fee on April 15, 2020. (Doc. 6). United States District Judge David L. Russell referred this matter to Magistrate Judge Gary M. Purcell for initial proceedings under 28 U.S.C. § 636(b)(1)(B); thereafter, the case was reassigned to the undersigned Magistrate Judge. (Docs. 4, 25). Plaintiff now seeks to dismiss his action and asks this Court to refund the filing fee and the fee he claims he paid for assistance by the United States Marshals Service with service of process. For the reasons stated below, the undersigned recommends that (1) the Court **GRANT** Plaintiff's Motion for Voluntary Dismissal (Doc. 42) and **DISMISS** Plaintiff's claims without prejudice; (2) **DENY** Plaintiff's request for refund of the filing fee (Doc. 42); (3) **DENY** Plaintiff's request for refund of the Marshals' service fee (Doc. 42); and (4) **DENY** Plaintiff's Motion for Extension of Time (Doc. 41) as moot.

**I.      Procedural History**

Plaintiff was granted leave to file a Second Amended Complaint. (*See* Docs. 31, 32). The court subsequently ordered Plaintiff to serve the Second Amended Complaint on the Defendant. (Doc. 33, at 2). The court granted Plaintiff's motion for service assistance from the United States Marshals and advised Plaintiff of the proper procedures and of the $65 fee for seeking such assistance. (*Id*. at 2-3). The Court Clerk mailed Plaintiff two USM-285 forms to facilitate these procedures. (*See* Court Docket Entry, March 23, 2021). Plaintiff was granted two extensions of time to complete service on Defendant. (Docs. 38, 40). On June 29, 2021, the Court Clerk's Office noted that it had received a USM form and a copy of the Second Amended Complaint and that it was waiting to receive payment from Plaintiff. (*See* Court Docket). On August 17, 2021, Plaintiff filed a third motion for extension of time to complete service. (Doc. 41, at 4).

On August 18, 2021, Plaintiff filed a Motion for Voluntary Dismissal, along with a Motion for Return of Filing Fee and a Motion for Return of Marshal Service Service [sic] Fee. (Doc. 42). Plaintiff's Motion for Voluntary Dismissal states that he has decided to dismiss the case "because of difficulties with serving process on Defendant." (*Id*. at 1).

**II.     Discussion**

Defendant has not been properly served in this matter, and she has not filed either an answer or a motion for summary judgment; thus, "[u]nder [Federal] Rule [of Civil Procedure] 41(a)(1)(i), [Plaintiff] has an absolute right to dismiss without prejudice and no action is required on the part of the court." *Janssen v. Harris*, 321 F.3d 998, 1000 (10th

Cir. 2003). "The filing of the notice itself closes the file and divests the court of jurisdiction. *Id*. (internal quotation marks omitted). Because Plaintiff seeks additional relief in the return of his fees, the undersigned liberally construes the motion as one under Rule 41(a)(2), which allows a court to dismiss an action "on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). *See Richards v. Team Action*, 2020 WL 4006670, at *2 (W.D. Okla. June 12, 2020), *report and recommendation adopted*, 2020 WL 4004809 (W.D. Okla. July 15, 2020).

While Plaintiff is entitled to dismissal of this action, the Court must deny Plaintiff's requests for refund of the civil case filing fee and the fee for service assistance from the United States Marshals. "The clerk of each district court shall require the parties instituting any civil action, suit, or proceeding . . . to pay a filing fee." 28 U.S.C. § 1914. Prisoners are not exempt from this requirement. Congress, through the enactment of the Prison Litigation Reform Act (PLRA), required prisoners to pay filing fees for the suits they initiate. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016). This requirement exists, in part, "to reduce the 'disruptive tide of frivolous prisoner litigation.'" *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011) (quoting *Woodford v. Ngo*, 548 U.S. 81, 97 (2006)). The required collection of filing fees from prisoner plaintiffs also aids in facilitating the consideration of good claims filed by prisoners through the filtering out of bad claims. *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015).

28 U.S.C. § 1914 and the PLRA do not "'provide any authority or mechanism' for the Court to either waive payment of a prisoner's filing fee or return the filing fee after

3

dismissal of an action." *Richards,* 2020 WL 4006670, at *2 (quoting *Grindling v Martone*, 2012 WL 4502954, at *2 (D. Haw. Sept. 28, 2012) (citing *Goins v. Decaro*, 241 F.3d 260, 261 (2d Cir. 2000) ("The PLRA makes no provision for return of fees."))). The return or cancellation of filing fees would also be "inconsistent with Congress's objective in enacting the PLRA." *Goins*, 241 F.3d at 260. "It is of no consequence whether [a case] is voluntarily dismissed, dismissed due to a jurisdictional defect, or dismissed on the merits – [litigants] are not entitled to the return of their filing fee." *Porter v. Dep't of Treasury*, 564 F.3d 176, 179 (3d Cir. 2009). Thus, this Court lacks the authority to refund Plaintiff's filing fee.

As for the Marshals service fee, Plaintiff asserts that "[o]n June 29, 2021, prison official(s) cut a check in the amount of $65.00, for payment to the United States Marshal Service, for rendered services[,] [and [t]he check had been sent to the United States Marshal Service on the same day." (Doc. 39, at 2). However, the Court shows no record of this payment. (*See* Court Docket Entry, June 29, 2021). Absent proof of this payment, this Court also lacks the authority to refund Plaintiff's $65 Marshals service fee.

### III. Recommendation and Notice of Right to Object

In accordance with the foregoing analysis, the undersigned recommends that the Court **GRANT** Plaintiff's Motion for Voluntary Dismissal (Doc. 42) and **DISMISS** all of Plaintiff's claims without prejudice to the re-filing. It is also recommended that the Court **DENY** Plaintiff's motion for return of filing fees and motion for return of the Marshals

service fee.  (Doc. 42).  Furthermore, the Court should **DENY** Plaintiff's motion for extension of time (Doc. 41) as moot**.**

**The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before October 22, 2021,** under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

ENTERED this 1st day of October, 2021.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE