IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC JUAN FORD, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-20-285-R |
| | ) |
| SANDI CRUZ, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is United States Magistrate Judge Amanda Maxfield Green's Report and Recommendation. Doc. No. 75. The Court referred this action to Magistrate Judge Gary M. Purcell for initial proceedings under 28 U.S.C. § 636(b)(1)(B) and (C), and the action was subsequently transferred to Magistrate Judge Green. Doc. Nos. 4, 25. Plaintiff Eric Juan Ford has timely filed his Objection [Doc. Nos. 79, 80] and the matter is ready for decision. For the reasons below, the Court ADOPTS the Report and Recommendation and dismisses Plaintiff's 28 U.S.C. § 1983 action for failure to exhaust available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA").

Plaintiff alleges in his Amended Complaint that Defendant Sandi Cruz, an Inmate Trust Fund Officer at North Fork Correctional Center, fraudulently overcharged him $17.92 for five MP4 media player songs in violation of the Fourteenth Amendment's due process clause. *See generally* Doc. No. 11. Defendant Cruz moved to dismiss the case, arguing first that Mr. Ford had failed to exhaust his administrative remedies; second that he had failed to state a claim for which the Court could provide relief; and third, that she

was entitled to qualified immunity. *See generally* Doc. No. 59. Magistrate Judge Green agreed with Defendant's first argument and concluded the Court should dismiss the case for failure to comply with the exhaustion requirement of the PLRA.

In her Report and Recommendation, Magistrate Judge Green converted Defendant's Motion to Dismiss into a motion for summary judgment, according to Fed. R. Civ. P. 56(d) because Defendant relied on information not included in the Amended Complaint. After reviewing the record, including Plaintiff's relevant Oklahoma Department of Corrections ("ODOC") grievances and his sworn statement, Magistrate Judge Green concluded that Mr. Ford had failed to exhaust his administrative remedies. She first accepted Plaintiff's contention that his facility did not respond to his grievances but determined Mr. Ford had failed to exhaust his available remedies because he never used the alternate appeal process. Consequently, she recommends the Court dismiss the Amended Complaint. Plaintiff objects to these conclusions, arguing that his prison's failure to reply correctly to his grievances renders the ODOC administrative proceedings unavailable.

"Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Tuckel v. Grover*, 660 F.3d 1249, 1251 (10th Cir. 2011) (internal quotation marks and citation omitted). Because Mr. Ford is a *pro se* litigant, the Court affords his materials a liberal construction but does not act as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). "There is no question that exhaustion is mandatory under the Prison[] Litigation Reform Act (PLRA) and that unexhausted claims cannot be brought in court." *Thomas v. Parker*, 609 F.3d 1114, 1117 (10th Cir. 2010) (brackets, internal quotation marks, and citation omitted).

2

Exhaustion is required "[e]ven where the 'available' remedies would appear to be futile at providing the kind of remedy sought." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

Administrative remedies are unavailable if prison officials are "unable or consistently unwilling to provide any relief," if "no ordinary prisoner can make sense of what [the grievance process] demands," or if "administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 643-44 (2016). "[P]risoners must complete the administrative review process in accordance with the applicable procedural rules[]—rules that are defined not by the PLRA, but by the prison grievance process itself." *Thomas*, 609 F.3d at 1118 (internal quotation marks and citation omitted). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim . . . ." *Jernigan*, 304 F.3d at 1032.

Here, Plaintiff submitted several grievances that he claims his facility never responded to as required by the ODOC Grievance Procedure.[1] Mr. Ford relies on these alleged failings to argue that his facility rendered administrative relief unavailable. However, as discussed by Magistrate Judge Green, his prison's failure to reply to his grievances is not determinative regarding PLRA exhaustion. Mr. Ford, after his facility did not respond to his grievances for thirty days, could have submitted his grievances directly

---

[1] Plaintiff and Defendant dispute whether the warden of his facility responded to the grievances. The Court, therefore, looks at the evidence in the light most favorable to the non-moving party. *See* Doc. Nos. 71, 58-9; *see also Burke. v. Utah Transit Auth.*, 462 F.3d 1253, 1258 (10th Cir. 2006) (on summary judgment, courts review the evidence and draw reasonable inferences in the light most favorable to the non-moving party).

3

to the Administrative Review Authority ("ARA"). *See* Doc. No. 58-5 at 13. Doing so would have exhausted Plaintiff's administrative remedies through an alternative appeal process according to the applicable ODOC Grievance Procedure. *See id*. Plaintiff did not submit any such appeals to the ARA. Thus, Mr. Ford has failed to demonstrate the grievance system was made unavailable to him. *See Hemphill v. Jones*, 343 F. App'x 329 (10th Cir. 2009) (holding a plaintiff who failed to use the ODOC alternate appeal process had not exhausted his administrative remedies). The Court, therefore, dismisses Plaintiff's action as required by the PLRA.

For the reasons above, the Court ADOPTS the Report and Recommendation [Doc. No. 75] and DISMISSES Plaintiff Ford's action for failing to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

IT IS SO ORDERED this 18th day of August 2022.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE